R. Wallach, for petitioner.

Brent & Brent, for defendant.

The facts as found will appear in the following special verdict:

"We of the jury find that, previous to the year 1837, the petitioner was the slave of a certain Lawrence Hoff, a resident of Alexandria county, District of Columbia; that in the year 1837, the said Hoff, then owning and possessing the petitioner as his slave, in the county of Alexandria aforesaid, whereof he continued to be a resident, did sell and deliver the petitioner to one Little, then being a resident of Washington county, in the District aforesaid, and that the delivery of the petitioner was made to the said Little in Alexandria county aforesaid, and the petitioner was immediately removed by said Little to Washington county aforesaid, to reside and also for sale, whereof said Little was resident; that the said Little shortly afterwards, to wit, about one year or a little more, sold the petitioner to one Keiling, in Washington county, who sold and delivered him to the defendant; that since said sale to said Little, the petitioner has always been kept and held in slavery in the county of Washington aforesaid; that at the time of the sale and delivery of the petitioner as aforesaid by Hoff to Little, the petitioner was more than forty-five years of age, to wit, he was 54 or 55 years old, and is now 59 or 60 years old. But if, upon the facts aforesaid, the law is for the petitioner, we find for the petitioner on the issue joined; and if, upon the facts aforesaid, the law is for the defendant, then we find for the defendant on the issue joined.

"Vincent King, Foreman."

Judgment for the petitioner on the verdict.

The following assignment of error to the above judgment was referred to the supreme court of the United States: First. There is error because the removal of Moses Bell from Alexandria county to Washington county, in the District of Columbia, as stated in the special verdict, did not entitle him to his freedom under any law in force in said District. Second. Moses Bell being over 45 years of age at the time of such removal, was incapable by the laws in force in said Washington county of receiving his freedom by or through any act or acts of his master or owner. Third. That said removal of Moses Bell is not an importation according to the true intent and meaning of the laws in force in Washington county aforesaid. Bank of Alexandria v. Dyer, 14 Pet. [39 U. S.] 142. Fourth. That such removal, even if it would have been illegal previous to the year 1812, was legalized and allowed by act of congress of the 24th of June, 1812. See 14 Pet. [39 U. S.] 142, and Lee v. Lee, 8 Pet. [33 U. S.] 49, which cases show how unsettled the law is on these points, and how desirable a decision is for citizens of the District whose daily transactions may be within the operation of these principles.

The supreme court affirmed the judgment.

NOTE, [from original report.] Mr. Justice McLean, in giving the opinion of the court, (2 How. [43 U. S.] 405,) said: "The counties of Washington and Alexandria are foreign to each other as regards the importation of slaves as are the states of Maryland and Virginia. Such we understand to be the settled doctrine of the circuit court of this District. And this is no unsatisfactory evidence of what the law is. An acquiescence of many years in a course of decision involving private rights should not be changed except upon the clearest ground of error."

BELL, (SMOOT v.) See Case No. 13,132.

BELL v. The TRAVELLER. See Case No. 14,147.

BELL, (TRAVERS v.) See Case No. 14,149.

BELL, (UNITED STATES v.) See Cases Nos. 14,564 and 14,565.

BELL, (YOUNG v.) See Case No. 18,152.

BELL, The HORACE E. See Case No. 6,702.

BELL, The MARY. See Case No. 9,199.

BELLA DONNA, The, (PORTEVANT v.) See Case No. 11,292.

## Case No. 1,265.

### Ex parte BELLAMY.

[The case reported under above title in 15 Pittsb. Leg. J. 1, is the same as Case No. 1,267.]

## Case No. 1,266.

### In re BELLAMY.

[1 Ben. 390;[1] Bankr. Reg. Supp. 14; 1 N. B. R. 64; 1 Am. Law T. Rep. Bankr. 22; 6 Int. Rev. Rec. 86; 15 Pittsb. Leg. J. 1.]

District Court, S. D. New York. Sept. 9, 1867.

BANKRUPTCY PRACTICE — POWER OF REGISTER — ACCOUNT — PETITION — FORM No. 51 — TIME OF PUBLICATION—ORDERS FOR EXAMINATION.

1. Under § 4 of the bankruptcy act [March 2, 1867; 14 Stat. 519] and rule 5 of the general orders in bankruptcy, a register in bankruptcy has power to make an order requiring an assignee in bankruptcy to file the account required by § 28 of the act. If no assets have come to the hands of the assignee, form No. 35 is such account; but if assets have come to his hands, forms Nos. 37 and 38 constitute it.

[Cited in Re Bodenheim, Case No. 1,594.]

2. It is not necessary for the bankrupt, on presenting the petition, form No. 51, to produce the assignee's return, form No. 35, or any evidence other than the statement in the petition that no debts have been proved, or that no assets have come to the assignee's hands.

3. Publication "once a week for three successive weeks," means publication once in every seven days for three successive periods of seven days, so that the interval between any two of the publications shall not be less than seven days, and the interval between the last publica-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]